SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
NICHOLAS A. KOFFROTH (Bar No. 287854)
nick.koffroth@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300 / Fax: (213) 623-9924

JOSEPH L. STEINFELD, JR.
jsteinfeld@askllp.com
BRIGETTE MCGRATH
bmcgrath@askllp.com
ASK LLP, 2600 Eagan Woods Drive
Suite 400, St. Paul, MN 55121
Tel: (651) 406-9665 / Fax: (651) 406-9676

Counsel to Chapter 11 Debtors and
Debtors In Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al.*,<br><br>Debtors and Debtors In Possession.<br><br>☒ Affects All Debtors<br>☐ Affects Verity Health System of California, Inc.<br>☐ Affects O'Connor Hospital<br>☐ Affects Saint Louise Regional Hospital<br>☐ Affects St. Francis Medical Center<br>☐ Affects St. Vincent Medical Center<br>☐ Affects Seton Medical Center<br>☐ Affects O'Connor Hospital Foundation<br>☐ Affects Saint Louise Regional Hospital Foundation<br>☐ Affects St. Francis Medical Center of Lynwood Foundation<br>☐ Affects St. Vincent Foundation<br>☐ Affects St. Vincent Dialysis Center, Inc.<br>☐ Affects Seton Medical Center Foundation<br>☐ Affects Verity Business Services<br>☐ Affects Verity Medical Foundation | Lead Case No. 2:18-bk-20151-ER<br><br>Jointly administered with:<br>Case No. 2:18-bk-20162-ER;<br>Case No. 2:18-bk-20163-ER;<br>Case No. 2:18-bk-20164-ER;<br>Case No. 2:18-bk-20165-ER;<br>Case No. 2:18-bk-20167-ER;<br>Case No. 2:18-bk-20168-ER;<br>Case No. 2:18-bk-20169-ER;<br>Case No. 2:18-bk-20171-ER;<br>Case No. 2:18-bk-20172-ER;<br>Case No. 2:18-bk-20173-ER;<br>Case No. 2:18-bk-20175-ER;<br>Case No. 2:18-bk-20176-ER;<br>Case No. 2:18-bk-20178-ER;<br>Case No. 2:18-bk-20179-ER;<br>Case No. 2:18-bk-20180-ER;<br>Case No. 2:18-bk-20181-ER;<br><br>Chapter 11 Cases<br><br>Hon. Ernest M. Robles<br><br>Adversary No. _____. |

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 1 -

115232055\V-1

☐ Affects Verity Holdings, LLC
☐ Affects De Paul Ventures, LLC
☐ Affects De Paul Ventures - San Jose Dialysis, LLC

Debtors and Debtors In Possession.

St. Francis Medical Center,

Plaintiff,

v.

Pepperdine University dba Research and Sponsored Programs,

Defendant.

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 549, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

St. Francis Medical Center (the "Plaintiff"), one of the debtors in the above-captioned chapter 11 case (each a "Debtor" and, collectively, the "Debtors"), files this complaint (the "Complaint") to avoid and recover preferential transfers against Pepperdine University dba Research and Sponsored Programs (the "Defendant") and to disallow any claims held by Defendant. In support of this Complaint, Plaintiff alleges upon information and belief that:

## JURISDICTION AND VENUE

1.     This court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to a case under title 11, in the United States Bankruptcy Court for the Central District of California (the "Court"), captioned *In re Verity Health System of California, Inc., et al.,*, Case No. 2:18-bk-20151-ER, pursuant to 28 U.S.C. §§ 157 and 1334(b).

2.     The statutory and legal predicates for the relief sought herein are sections 502, 547, 549, and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")[1] and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3.     This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2).  Plaintiff consents to entry of final orders and judgment by the Court.

---

[1] All references to "§" herein are to sections of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* unless otherwise noted.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

115232055\V-1

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**THE PARTIES**

5.      As more fully discussed in the *Declaration Of Richard G. Adcock In Support Of First-Day Motions*,[2] on the Petition Date (defined below), the Debtors operated as a nonprofit health care system in the state of California.

6.      Pursuant to §§ 547, 549, 550, 1106, and 1107, Plaintiff is authorized and has standing to pursue this avoidance action.

7.      Upon information and belief, Defendant was, at all relevant times, a vendor or creditor that provided goods and/or services to or for the Debtors. Upon further information and belief, at all relevant times, Defendant's principal place of business is located at 24255 Pacific Coast Highway, Mailbu, California 90263-4819.

**PROCEDURAL BACKGROUND**

8.      On August 31, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under the Bankruptcy Code.  The Debtors' chapter 11 cases (the "Debtors' Cases") are being jointly administered. Since the commencement of the Debtors' Cases, the Debtors have been operating their businesses as debtors in possession pursuant to §§ 1107 and 1108.

9.      On September 17, 2018, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in the Debtors' Cases. *See* Docket No. 197.

10.     On August 14, 2020, the Court entered the *Order Confirming Modified Second Amended Joint Chapter 11 Plan of Liquidation (Dated July 2, 2020) of the Debtors, the Prepetition Secured Creditors, and the Committee*. *See* Docket No. 5504.

---

[2] [Docket No. 8].

115232055\V-1

**FACTUAL BACKGROUND**

11.    Prior to the Petition Date, the Debtors maintained business relationships with various business entities, through which the Debtors regularly purchased, sold, received, and/or delivered goods and services.

12.    As a part of a hospital system, the Debtors regularly purchased goods from various entities including vendors, creditors, suppliers and distributors. The Debtors also regularly paid for services used to facilitate its business.

13.    The Debtors' financial difficulties that led to the decision to file petitions for bankruptcy are attributable to a combination of factors, all of which placed significant stress on the Debtors' liquidity position in the months leading up to the Petition Date. These factors included, among other things: (i) the legacy burden of more than a billion dollars of bond debt and unfunded pension liabilities, (ii) an inability to renegotiate collective bargaining agreements or payor contracts, (iii) the continuing need for significant capital expenditures for seismic obligations and gaining infrastructure, (iv) and the general headwinds facing the hospital industry.

14.    As of the Petition Date, the Debtors utilized and maintained a cash management system (the "Cash Management System") for the collection, concentration, management, and disbursement of funds in their business.[3] As of the Petition Date, the Cash Management System consisted of lock box accounts, gross revenue accounts, operating accounts, payroll accounts, and other accounts.  *See* Docket No. 23.

---

[3] *See Emergency Motion of Debtors for Authority to: (1) Continue Using Existing Cash Management System, Bank Accounts and Business Forms; (2) Implement Changes to the Cash Management System in the Ordinary Course of Business; (3) Continue Intercompany Transactions; (4) Provide Administrative Expense Priority for PostPetition Intercompany Claims; and (5) Obtain Related Relief* [Docket No. 23].

115232055\V-1

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

15.     Among these bank accounts, the Debtors made disbursements to vendors from accounts ending 6389, 6365, 6384, 6407, 6421, 6426, 6402, 6440, 1597 at Bank of America, N.A. and account ending 9996 at Wells Fargo Bank, N.A. (the "Disbursement Accounts").

16.     During the ninety (90) days before and including the Petition Date, that is between June 2, 2018 and August 31, 2018 (the "Preference Period"), the Debtors continued to operate their business, including the transfer of money, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to various entities.

17.     Upon information and belief, during the course of their relationship, the Defendant and Debtors entered into agreements for the purchase of goods and/or services by Debtors from the Defendant, which are evidenced by one or more contracts, purchase orders, invoices, communications and other documents (collectively, the "Agreements"). Upon further information and belief, the Agreements concerned and related to the goods and/or services provided by Defendant to the Debtors. St. Francis Medical Center's payments to the Defendant pursuant to the Agreements during the Preference Period are set forth on the Statement of Account, which is attached hereto and incorporated by reference as Exhibit A.

18.     Plaintiff is seeking to avoid all of the transfers of an interest of Debtors' property made by Debtors to Defendant within the Preference Period.

19.     St. Francis Medical Center made transfer(s) of an interest of St. Francis Medical Center's property to or for the benefit of Defendant during the Preference Period through payments aggregating not less than the amount set forth on Exhibit A hereto (the "Transfer(s)"). The details of each Transfer are set forth on Exhibit A attached hereto and incorporated by reference.

20.     Plaintiff, through counsel, sent a demand (the "Demand") to Defendant, seeking a return of the Transfer(s). The Demand indicated the potential statutory defenses available to Defendant pursuant to § 547(c), and requested that if Defendant had evidence to support any affirmative defenses,

it provide this evidence so Plaintiff could review the same. Plaintiff also performed its own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant.

21. Based upon Plaintiff's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing their own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfer(s), Plaintiff has determined that it may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

22. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all preferential transfers of property made by the Debtors to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## FIRST CLAIM FOR RELIEF

### (Avoidance of Preference Period Transfers from St. Francis Medical Center – 11 U.S.C. § 547)

23. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

24. During the Preference Period, St. Francis Medical Center made the Transfers to or for the benefit of Defendant in an aggregate amount not less than the amount set forth on Exhibit A hereto.

25. Each Transfer was made from the Disbursement Accounts described *supra,* and constituted transfers of an interest in property of St. Francis Medical Center.

26. Defendant was a creditor of St. Francis Medical Center at the time of each Transfer by virtue of supplying goods and/or services identified in this Complaint and in the Agreements to St.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Francis Medical Center, as more fully set forth on <u>Exhibit A</u> hereto, for which St. Francis Medical Center was obligated to pay following delivery in accordance with the Agreements. *See* Exhibit A.

27.    Each Transfer was to or for the benefit of a creditor within the meaning of § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by St. Francis Medical Center to Defendant. *See* Exhibit A.

28.    Each Transfer was made for, or on account of, an antecedent debt or debts owed by St. Francis Medical Center to Defendant before such Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by St. Francis Medical Center. *See* Exhibit A.

29.    Each  Transfer was made while St. Francis Medical Center was insolvent. St. Francis Medical Center is entitled to the presumption of insolvency for each  Transfer made during the Preference Period pursuant to § 547(f).

30.    Each Transfer was made during the Preference Period, as set forth on <u>Exhibit A</u>.

31.    As a result of each Transfer, Defendant received more than Defendant would have received if: (i) St. Francis Medical Center's case was under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by St. Francis Medical Center's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, St. Francis Medical Center's liabilities exceed its assets to the point that unsecured creditors will not receive a full payout of their claims from St. Francis Medical Center's bankruptcy estate.

32.    In accordance with the foregoing, each Transfer is avoidable pursuant to § 547(b).

## <u>SECOND CLAIM FOR RELIEF</u>

### (Avoidance of Unauthorized Post-Petition Transfers – 11 U.S.C. § 549)

33.    Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

34.     To the extent any of the Transfer(s) identified on <u>Exhibit A</u> cleared the Disbursement Account(s) after the Petition Date and were not authorized by the Court or the Bankruptcy Code (the "<u>Post-Petition Transfers</u>"), Plaintiff pleads that such Post-Petition Transfers are avoidable pursuant to § 549.

## THIRD CLAIM FOR RELIEF

### (Recovery of Preferential Transfers – 11 U.S.C. § 550)

35.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

36.     Plaintiff is entitled to avoid the Transfer(s) pursuant to § 547(b) and/or any Post-Petition Transfers pursuant to § 549 (collectively, the "<u>Avoidable Transfers</u>").

37.     Defendant was the initial transferee of the Avoidable Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfers were made.

38.     Pursuant to § 550(a), Plaintiff is entitled to recover the Avoidable Transfers from Defendant, plus interest thereon to the date of payment and the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

39.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

40.     Defendant is a transferee of transfers avoidable under §§ 547 and/or 549, which property is recoverable under § 550.

41.     Defendant has not paid the amount of the Avoidable Transfers, or turned over such property, for which Defendant is liable under § 550.

42.     Pursuant to § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtors' estate must be disallowed until such time as Defendant pays to the Debtors an amount equal to the aggregate amount of the Avoidable Transfers, plus interest thereon and costs.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

115232055\V-1

43.     Pursuant to § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtors' estate previously allowed by the Debtors, must be reconsidered and disallowed until such time as Defendant pays to the Debtors an amount equal to the aggregate amount of the Avoidable Transfers.

## **PRAYER**

WHEREFORE, Plaintiff prays for entry of judgment against Defendant as follows:

1.     On the First, Second, and Third Claims for Relief, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Avoidable Transfers, pursuant to §§ 547(b), 549, and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

2.     On Plaintiff' Fourth Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against Plaintiff until Defendant returns the Avoidable Transfers to Plaintiff pursuant to § 502(d) and (j); and

3.     For such other and further relief as the Court deems just and proper.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1  DATED: August 27, 2020

2                                         DENTONS US LLP
                                          Samuel R. Maizel
3                                         Tania M. Moyron
                                          Nicholas A. Koffroth
4
                                          and
5
                                          ASK LLP
6                                         Joseph L. Steinfeld, Jr.
                                          Brigette McGrath
7
8                                         By:      /s/ Tania M. Moyron
                                                   Tania M. Moyron
9
                                          Attorneys for the Chapter 11 Debtors and
10                                        Debtors In Possession

11

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

115232055\V-1